## Hagen v. Benson

*Bruce J. Phillips,* for plaintiff.
*Richard A. Vanderlin,* for defendant.

TOOLE, *J.*, July 8, 1986 — The controversy presently before us concerns the propriety of questioning venue by preliminary objection following an appeal from a district justice judgment. Defendant appealed and ruled plaintiff to file a complaint. Subsequently, defendant filed preliminary objections to the complaint contesting, inter alia, the venue of the action. Plaintiff then filed preliminary objections to defendant's preliminary objections, setting forth the following issue:

"(Does) the failure of a party to file a writ of certiorari objecting to venue subsequent to a district justice's verdict against him and that party's entry of appearance in the county where the action was initiated preclude him from objection to venue further?"

Plaintiff, of course, answers in the affirmative and cites as authority Pennsylvania Rule of Civil Proce-

dure for District Justices 1009 (a) which provides, in pertinent part:

"Rule 1009. Praecipe for Writ of Certiorari

"(A) Unless he was the plaintiff in the action before the district justice, a party aggrieved by a judgment *may file* with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction over the parties or subject matter, *improper venue* or such gross irregularity of procedures as to make the judgment void. . . ." (emphasis added).

Defendant argues that an aggrieved party desiring to contest venue has an option to proceed by writ pursuant to rule 1009 or to file preliminary objections under the authority of Pa. R.C.P.D.J. 1007, which provides in relevant part:

"Rule 1007. Procedure on Appeal

"(A) The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas."

Defendant opines that since preliminary objections would be appropriate "if the action was initially commenced in the court of common pleas," they are a permissible and appropriate procedural vehicle to contest venue on this appeal.

If rules 1007 and 1009 were the only applicable rules, we would have no difficulty in holding that the rules afford alternative procedures rather than an exclusive procedure to contest venue. However, Pa.R.C.P.D.J. 1015 is also applicable and must be considered:

"Rule 1015. Certiorari and Appeal Not Permitted.

"A judgment may not be the subject of both certiorari and appeal. The prothonotary shall mark stricken from the record any writ of certiorari con-

cerning a judgment as to which an appeal is pending if proof of service of copies of the notice of appeal has been filed. If the appeal is stricken or voluntarily terminated, the writ of certiorari shall be reinstated upon praecipe of the party obtaining the writ."

There is no question that an aggrieved party cannot seek both a writ of certiorari and an appeal. However, that does not resolve the issue of whether the writ of certiorari is the exclusive means for contesting improper venue. At first glance it would appear that the provisions of 1009 are permissive rather than mandatory and therefore authorize the alternative procedure employed by defendant in this case. However, we see no logical reason to prohibit simultaneous use of these procedural avenues if the aggrieved party can question the propriety of venue by perfecting an appeal and then filing preliminary objections. If the latter procedure is permitted, then it seems to us we will have authorized the aggrieved party to do indirectly what he cannot do directly—that is, file both a writ and an appeal. Of what real use or purpose is section 1009 if venue can be raised by preliminary objection after an appeal and if that section is not exclusive, of what value is the prohibition in rule 1015?

We are satisfied that the intent and purpose of the rule was to compel or require the contesting litigant to make a choice. Procedural defects and improprieties must be tested and pursued by writ of certiorari while the merits of the case can and should be reconsidered and determined through an appeal "without regard to any such procedural defects." Such a holding will avoid the administrative difficulties mentioned in the comment to rule 1015 and facilitate the disposition of the case.

Accordingly, we hold that if an aggrieved party desires to contest venue, he must do so by way of certiorari pursuant to rule 1009 and that he may not do so by preliminary objections following an appeal. If the aggrieved party proceeds by way of appeal, the remedy shall be limited to a trial de novo on the merits and any defects, other than jurisdiction over the person, (see comment to rule 1015) shall be deemed to be waived.

While improper venue must then be raised by writ of certiorari, that does not preclude an aggrieved party from requesting a change of venue on the basis that a fair and an impartial trial cannot be held in the county or for the convenience of the parties and witnesses pursuant to Pa.R.C.P. 1006 (d) (1) (2)

The preliminary objections filed here contained in addition to the attack on venue a motion to strike, a motion for a more specific complaint, and what is designated as a "petition for change of venue." The latter does not clearly allege or indicate any factual or legal premise under Pa.R.C.P. 1006 (d) (1) or (2). Indeed, it would appear that the request for a change of venue is based upon defendant's contention that venue is improper and should be transferred to the appropriate county pursuant to Pa.R.C.P. 1006 (e).

When defendant's objections were filed, he failed to file a brief as required by local rule. Noting his error, counsel requested and was granted leave to file a late brief in support of his objections. In addition, the court directed in the order that the matter was not to be assigned to any judge until depositions were completed regarding the venue issue. Subsequently, plaintiff filed preliminary objections to defendant's objections and the latter motion was assigned to this court for resolution. Since we have

now held that exclusive method of contesting improper venue must be by writ of certiorari, that still leaves the other issues raised by the objections, that is, the motion to strike and the motion for a more specific complaint unresolved. Those issues have not yet been addressed by a brief or oral argument. In order to resolve all outstanding procedural matters, we will schedule argument and direct a briefing schedule.

In addition to hearing the motion to strike and motion for a more specific complaint, we will also afford defendant the opportunity, if he desires, not to contest venue, but to request a change of venue pursuant to Pa.R.C.P. 1006 (d) (1) or (2). If defendant is so inclined, then any necessary depositions must be taken and transcribed within the time limits hereinafter set forth.

Accordingly, we enter the following

### ORDER

It is ordered and directed

(1) That the preliminary objection of Robert Hagen to the preliminary objection of Lee Benson, t/d/b/a Replica Car Company contesting venue is sustained.

(2) The preliminary objections of defendant in the nature of a motion to strike and a motion for a more specific complaint shall be argued, if necessary, on Wednesday, July 30, 1986, at 1:30 p.m. in courtroom 3. Defendant's brief shall be filed and served upon the court and opposing counsel no later than Friday, July 18, 1986, while the opponent's brief shall be filed with the court and opposing counsel no later than Friday, July 25, 1986.

(3) If defendant cares to pursue a petition for change of venue under Pa.R.C.P. 1006 (d) (1) or (2), evidentiary support must be provided by deposi-

tion(s) which must be taken, transcribed and filed with the court on or before Monday, July 28, 1986, at 4:00 p.m. Briefs shall then be filed and oral argument heard on Wednesday, July 30, 1986, at 1:30 p.m. in courtroom 3.